RUFUS-ISAACS ACLAND & GRANTHAM LLP
Paul D. Supnik, SB No. 52842
psupnik@rufuslaw.com
Alexander Rufus-Isaacs, SB No. 135747
aisaacs@rufuslaw.com
9440 Santa Monica Blvd., Suite 301
Beverly Hills, California 90210
Telephone: (310) 274-3803
Facsimile: (310) 860-2430

LAW OFFICE OF PAUL S. LEVINE
Paul S. Levine, SB No. 102787
paul@paulslevine.com
1054 Superba Avenue
Venice, CA 90291-3940
Telephone (310) 450-6711
Facsimile (310) 450-0181

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IFD FILMS AND SERVICES LTD., a Hong Kong Limited Partnership qualified to do business in California,<br><br>Plaintiff,<br><br>v.<br><br>SEVERIN FILMS, INC., a Nevada corporation; DAVID GREGORY, an individual; JOHN CREGAN, an individual; CARL DAFT, an individual; MICHAEL WORTH, an individual; TELEVENTURES CORPORATION, | Case No.:<br><br>**COMPLAINT FOR:**<br>1. **COPYRIGHT INFRINGEMENT AND**<br>2. **CANCELLATION OF FRAUDULENTLY-OBTAINED COPYRIGHT REGISTRATIONS**<br><br>**17 U.S.C. §101** *et seq.*<br><br>**37 C.F.R. § 201.7(c)(4) and COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES, Third Edition, Chapter 1807.4(D) and 1807.4(F)**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT

a Nevada corporation; MARCO JOACHIM a/k/a JON MARCO JOACHIM, an individual; and DOES 1-10,

Defendants

Plaintiff, by its undersigned attorneys, for its Complaint against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the copyright laws of the United States, 17 U.S.C. §101 et seq. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1338.

2. Venue is properly laid in this Court pursuant to 28 U.S.C. §§1391(b) and (c) because the claim arises in this district and the Defendants reside in and transact business in this district.

## PARTIES

3. Plaintiff IFD FILMS AND SERVICES LTD. ("IFD") is a a Hong Kong Limited Partnership qualified to do business in California.

4. Defendant TELEVENTURES CORPORATION ("TVC") is a Nevada corporation qualified to do business in California with its principal place of business in Los Angeles County, California.

5. Defendant MARCO JOACHIM a/k/a JON MARCO JOACHIM, an officer, shareholder, and member of the Board of Directors of TVC, is an individual who resides in Los Angeles County, California.

6. Defendant SEVERIN FILMS, INC. ("SFI") is a Nevada corporation qualified to do business in California with its principal place of business in Los Angeles County, California.

7. Defendant DAVID GREGORY ("GREGORY"), an officer,

- 2 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT

shareholder, and member of the Board of Directors of SFI, is an individual who resides in Los Angeles County, California.

8. Defendant JOHN CREGAN ("CREGAN") an officer, shareholder, and member of the Board of Directors of SFI, is an individual who resides in Los Angeles County, California and in England.

9. Defendant CARL ERIC RICHARD DAFT ("DAFT") an officer, shareholder, and member of the Board of Directors of SFI, is an individual who resides in Los Angeles County, California and in England.

10. Defendant MICHAEL WORTH ("WORTH"), a Producer on various SFI documentaries, is an individual residing in Los Angeles County, California.

11. The Defendants designated herein as "Does 1 through 10" are presently unknown to Plaintiff. True names, identities, and capacities, and their respective relationship to the known Defendants, are presently unknown to Plaintiff, which therefore sues said Doe Defendants by such fictitious names. The Doe Defendants are believed to be individuals or entities that aided the named Defendants in carrying out the infringing activities described in detail below, either as independent contractors, or entered into a conspiracy and agreement with the known Defendants to perform those acts, for financial gain and profit, in violation of Plaintiff's protected rights. Plaintiff requests leave of Court to amend this Complaint to set forth their true names, identities, and capacities upon ascertaining the same. The Doe Defendants and the known Defendants are sometimes referred to hereinafter collectively as "Defendants".

12. Plaintiff is informed and believes and thereon alleges that at all times material hereto each Defendant herein was the agent, servant, and employee of each of the other Defendants and was at all times material hereto

acting with the knowledge and consent of the other Defendants and within the course and scope of the agency, service, and employment, and that each Defendant named herein authorized and ratified the acts complained of herein.

13. The existence of TVC and SFI as separate entities should be disregarded, and a judgment herein against them should also be against their individual shareholders and owners and the individual Defendants, jointly and severally. The judgment should "pierce the corporate veil" because there is a unity of interest and ownership by and between TVC and SFI on the one hand, and their individual shareholders and owners and the individual Defendants on the other hand. The legal protection of limited liability should be ignored inasmuch as TVC and SFI and their individual shareholders and owners and the individual Defendants engaged in the following conduct: (a) commingling of funds and other assets; (b) diversion of corporate funds or assets for other than corporate uses; (c) treatment by an individual of the assets of the corporation as their own; (d) failure to obtain authority to issue stock; (e) holding out by an individual that he is personally liable for the debts of the corporation; (f) failure to maintain minutes or adequate corporate records; (g) confusion of the records of separate entities; (h) identical equitable ownership in two entities; (i) failure to adequately capitalize the corporation; (j) absence of corporate assets; (k) use of a corporation as a mere shell, instrumentality, or conduit; (l) concealment and misrepresentation of the identity of the responsible ownership, management, and financial interests; (m) the disregard of legal formalities and the failure to maintain arms' length relationships among related entities; (n) diversion of corporate assets.

## STATEMENT OF FACTS

14. In 1982, TVC's predecessor in interest, Trans-Continental Film Corporation, an entity solely owned, on information and belief, by the father of JOACHIM, Lawrence ("Larry") Joachim, wrongfully defrauded the United States Copyright Office and obtained copyright registration certificates (the "Bogus Certificates") for the following motion pictures, falsely claiming that it was the sole Copyright Claimant, sole Owner, and sole Author (by virtue of an ostensible work-for-hire agreement) of each of them:

- "MISSION OF THE DRAGON" a/k/a "MISSION FOR THE DRAGON" a/k/a "RAGE OF THE DRAGON" (Copyright Registration Number PA0000147714);
- "THE DRAGON, THE HERO" a/k/a "DRAGON ON FIRE" (Copyright Registration Number PA0000147717); and
- "GOLDEN DRAGON, SILVER SNAKE" (Copyright Registration Number PA0000147718) (the "Three Motion Pictures").

Trans-Continental Film Corporation has transferred and assigned ownership of the Bogus Certificates to TVC.

15. TVC has, and at all relevant times had, no ownership interest whatsoever in and to the Three Motion Pictures, and had only a license from the original rightful owner of the copyright in and to each of the Three Motion Pictures, IFD, for a limited term, in limited media, and in limited territories, to exploit the Three Motion Pictures. Despite having only this very limited license, TVC nevertheless defrauded the United States Copyright Office by wrongfully obtaining the Bogus Certificates. IFD has repeatedly demanded, ultimately to no avail, that TVC and MARCO JOACHIM file Cancellations of the foregoing ill-gotten Bogus Certificates with the United States Copyright Office. And despite previously agreeing to

cancel its fraudulent registrations by and through its counsel, MARCO JOACHIM and TVC have failed and refused, and continue to fail and refuse, to file said Cancellations with the Copyright Office.

16.  Relying upon these fraudulently obtained Bogus Certificates, TVC has continually, from the time those Bogus Certificates were issued to its predecessor and thereafter transferred to it, to the present day, licensed the Three Motion Pictures to numerous third-parties throughout the world, including in the United States, in various media (theatrical exhibition, home video, streaming, television, *etc.*) and for various terms. Plaintiff only recently became aware of the fraudulently-obtained Bogus Certificates and TVC's activities in licensing the Three Motion Pictures in various territories throughout the world, including the United States, and for viewing/streaming on various websites.

17.  TVC has purported to license the Three Motion Pictures to SFI for inclusion in a documentary entitled **"ENTER THE CLONES OF BRUCE LEE"** (the "Blue Ray"), which, in turn, is being sold by SFI separately and as part of a box set containing it, entitled **"THE GAME OF CLONES: BRUCEPLOITATION COLLECTION VOL. 1"** (the "Box Set"). Although IFD has informed SFI that its agreement with TVC for the Three Motion Pictures is invalid and has repeatedly demanded that SFI terminate its sale of the Blue Ray and the Box Set, SFI has failed and refused, and continues to fail and refuse, to do so.

18.  The Box Set also contains, as a "bonus" when ordered by the consumer from SFI's website, a motion picture entitled "The Growling Tiger a/k/a Tiger from China a/k/a Tracking the Way of the Dragon a/k/a The Black Dragon vs. The Yellow Tiger" (the "Fourth Motion Picture"), the exclusive copyright to which is owned by IFD. IFD does not know where and

how SFI obtained the materials needed to include the Fourth Motion Picture in the Box Set.[1]

19. IFD is the sole Author of, the sole Owner of, and the sole Copyright Claimant of, the copyright in and to each of the Three Motion Pictures and in and to the Fourth Motion Picture. IFD owns and controls the United States copyright in and to each of the Three Motion Pictures and in and to the Fourth Motion Picture by virtue of its being the Producer of each of the Three Motion Pictures and by virtue of its obtaining an exclusive license from the producer of the Fourth Motion Picture. Each of the Three Motion Pictures and the Fourth Motion Picture contain material that is copyrightable subject matter under the Copyright laws of the United States. IFD has duly complied with all of the laws pertinent to the Three Motion Pictures and the Fourth Motion Picture as copyrighted works, and has duly filed Certificates of Registration in the United States Copyright Office, which has issued Certificate Numbers PA0 1-399-091, PA0 1-399-092, PA0 1-399-093, and PA0-399-149 (copies of which are attached hereto as Exhibits "A", "B", "C", and "D"). Copies of each of the Three Motion Pictures and the Fourth Motion Picture are herewith lodged with the Court.

---

[1] Three (3) additional motion pictures owned by IFD may be added to these claims when GATT Registration Certificates for them are issued by the Copyright Office:
1. "Dragon on Fire" a/k/a "Enter Three Dragons".
2. "Bruce Lee Against Supermen" a/k/a "Bruce Lee Versus Supermen" a/k/a "They Call Me Dragon" a/k/a "Call Me Dragon".
3. "Bruce and the Iron Finger" a/k/a "Bruce vs. The Iron Hand" (A Bogus Registration, PA0000147719, was obtained by Trans-Continental Film Corporation in 1979 and should be included in the Bogus Registrations to be Cancelled).

Leave to amend this COMPLAINT will be sought as soon as the GATT Copyright Registration Certificates are issued by the Copyright Office.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

20. The natural, probable, and foreseeable result of Defendants' wrongful conduct in connection with the Three Motion Pictures and the Fourth Motion Picture has been, and will continue to be, to deprive Plaintiff of the benefits of "selling" them (i.e. to license to third-parties the right to exhibit and exploit the Three Motion Pictures and the Fourth Motion Picture in various media and in various territories), to deprive Plaintiff of the goodwill associated therewith, and to injure Plaintiff's relations with its present and prospective third-party licensees.

21. Plaintiff has lost, and will continue to lose, substantial revenues from the sale of the Three Motion Pictures and the Fourth Motion Picture and has sustained and will continue to sustain damage as a result of Defendants' wrongful conduct in selling the Blu Ray and the Box Set and Defendants' continued wrongful licensing of the Three Motion Pictures and the Fourth Motion Picture for viewing by the public *via* the Internet. Defendants' wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill.

22. Plaintiff is informed and believes, and on that basis allege, that unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, and otherwise profit from Plaintiff's Three Motion Pictures and the Fourth Motion Picture. As a direct and proximate result of the acts of Defendants herein alleged, Plaintiff has already suffered irreparable damage and has sustained lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and will continue to cause. Plaintiff will continue to suffer irreparable harm and sustain lost profits unless Defendants' actions as herein alleged are enjoined by this Court.

# FIRST CLAIM FOR RELIEF

**Copyright Infringement in Violation of 17 U.S.C. §101 *et seq*.**

23. Plaintiff incorporates the allegations set forth in paragraphs 1 through 22 of this Complaint as if fully rewritten herein.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Three Motion Pictures *via* the limited license agreement from IFD and had access to the Fourth Motion Picture from an unknown source.

25. By their actions alleged herein, Defendants have infringed, and will continue to infringe, Plaintiff's copyrights in and to the Three Motion Pictures and in and to the Fourth Motion Picture.

26. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

27. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Three Motion Pictures and the Fourth Motion Picture. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to Defendants' infringement of the Three Motion Pictures and the Fourth Motion Picture in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory

damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

30. Plaintiff is entitled to an injunction restraining Defendants, and the officers, agents and employees of Defendants, and all persons acting in concert with them, from engaging in any further such acts in violation of the Copyright laws.

## SECOND CLAIM FOR RELIEF

**Cancellation of Bogus Certificates Pursuant to 37 C.F.R. § 201.7(c)(4) and COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES, Third Edition, Chapter 1807.4(D) and 1807.4(F)**

31. Plaintiff incorporates the allegations set forth in paragraphs 1 through 30 of this Complaint as if fully rewritten herein.

32. The Bogus Certificates were obtained by TVC's predecessor by defrauding the Copyright Office, and they should be cancelled. Pursuant to 37 C.F.R. § 201.7(c)(4) and COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES, Third Edition, Chapter 1807.4(D) and 1807.4(F), Plaintiff requests that the Bogus Certificates for the Three Motion Pictures be cancelled by the Copyright Office, and this Court order TVC to request that the Copyright Office does so. "[T]he essential information provided in the application appears to be questionable", *i.e.* for each of the Three Motion Pictures, Trans-Continental Film Corporation falsely claimed that it was the sole Copyright Claimant by virtue of an ostensible work-for-hire agreement.

33. In fact, there was never a "work-for-hire" arrangement by and between Trans-Continental Film Corporation and Plaintiff. On their face, each of the Registrations for the Motion Pictures indicates that Trans-Continental Film Corporation was merely the distributor of the Motion

Pictures (in the United States); it most certainly was not the "Owner" of the Copyright in and to the Three Motion Pictures. And, of course, distributors of motion pictures do not enter into "work-for-hire" arrangements with the producers/Copyright Claimants of those motion pictures.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court find that Defendants have wilfully infringed Plaintiff's copyrights in and to the Three Motion Pictures , that TVC wrongfully-obtained the three Bogus Certificates and that TVC be ordered to request that the Copyright Office Cancel each of them, and that the Court find that, unless ordered to do so, there is a substantial likelihood that Defendants will continue to infringe the copyrights in and to the Three Motion Pictures.

2. That Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from reproducing, displaying, promoting, advertising, distributing, releasing to the public via the Internet, or selling, or any other form of exploiting, dealing or transacting in, the Three Motion Pictures and the Fourth Motion Picture.

3. That Defendants, and the directors, officers, agents, servants, and employees of Defendants, and all other persons in active concert or privity or participation with them, be ORDERED to give to Plaintiff any and all originals, copies, facsimiles, or duplicates of the Three Motion Pictures and the Fourth Motion Picture in their possession, custody or control; and that they be further ORDERED to remove them, or cause them to be removed, from any and all websites on which they are displayed for public

and/or private viewing, streaming, or "download" and that all sales of the Blu Ray and Box Set be halted unless and until the Three Motion Pictures and the Fourth Motion Picture are removed from them.

4. That an accounting be made for all profits, income receipts, or other benefits derived by Defendants from the manufacture, copying, promotion, distribution, exhibition, display, or other exploitation of the Three Motion Pictures and the Fourth Motion Picture, and that all such profits, income receipts, or other benefits therefrom be deemed to be held in constructive trust for Plaintiff's benefit.

5. That Judgment be entered in favor of Plaintiff and against Defendants, jointly and severally, for Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial.

6. That Plaintiff be awarded all relevant costs and attorneys' fees incurred in connection with the prosecution of its rights and litigation of this action; and

7. That Plaintiff be awarded such other and further relief as this Court deems just and appropriate.

Dated: December 18, 2024        PAUL D. SUPNIK
                                ALEXANDER RUFUS-ISAACS
                                RUFUS-ISAACS ACLAND &
                                GRANTHAM LLP

                                PAUL S. LEVINE
                                LAW OFFICE OF PAUL S. LEVINE

                        By:     /s/ Paul D. Supnik
                                PAUL D. SUPNIK
                                Attorneys for Plaintiff
                                IFD FILMS AND SERVICES LTD.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Dated: December 18, 2024

PAUL D. SUPNIK
ALEXANDER RUFUS-ISAACS
RUFUS-ISAACS ACLAND &
GRANTHAM LLP

PAUL S. LEVINE
LAW OFFICE OF PAUL S. LEVINE

By:  /s/ Paul D. Supnik
PAUL D. SUPNIK
Attorneys for Plaintiff
IFD FILMS AND SERVICES LTD.