**RUFUS-ISAACS ACLAND & GRANTHAM LLP**
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
  *aisaacs@rufuslaw.com*
PAUL D. SUPNIK, State Bar No. 52842
  *psupnik@rufuslaw.com*
9440 Santa Monica Blvd., Suite 301
Beverly Hills, California 90210
Telephone: (310) 770-1307

**LAW OFFICE OF PAUL S. LEVINE**
PAUL S. LEVINE. State Bar No. 102787
  *paul@paulslevine.com*
1054 Superba Avenue
Venice, California 90291-3940
Telephone: (310) 450-6711
*Attorneys for Plaintiff*

**EPSTEIN DRANGEL LLP**
Peter J. Farnese, State Bar No. 251204
  *pfarnese@ipcounselors.com*
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: 310-356-4668

Kerry B. Brownlee (*pro hac vice*)
  *kbrownlee@ipcounselors.com*
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: 212-292-5390
*Attorneys for Defendants*

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IFD FILMS AND SERVICES LTD., | CASE No. 2:24-cv-10904-JLS-RAO |
| Plaintiff | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| v. | |
| SEVERIN FILMS, INC.; DAVID GREGORY; JOHN CREGAN; CARL DAFT;MICHAEL WORTH; TELEVENTURES CORPORATION; MARCO JOACHIM a/k/a JON MARCO JOACHIM; and DOES 1-10, | |
| Defendants | |

8703.3.4

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1. **GENERAL**

   1.1    Purposes and Limitations

   Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

   1.2    Good Cause Statement

   This action is likely to involve trade secrets, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties).  This information may also specifically include, without limitation, private financial information contained in royalty statements, internal accounting records, and proprietary promotional, marketing, and distribution plans. This information is otherwise generally unavailable to the public, or may be

8703.3.4

1  privileged or otherwise protected from disclosure under state or federal statutes,

2  court rules, case decisions, or common law.  Accordingly, to expedite the flow of

3  information, to facilitate the prompt resolution of disputes over confidentiality of

4  discovery materials, to adequately protect information the parties are entitled to keep

5  confidential, to ensure that the parties are permitted reasonable necessary uses of

6  such material in preparation for and in the conduct of trial, to address their handling

7  at the end of the litigation, and serve the ends of justice, a protective order for such

8  information is justified in this matter.  It is the intent of the parties that information

9  will not be designated as confidential for tactical reasons and that nothing be so

10  designated without a good faith belief that it has been maintained in a confidential,

11  non-public manner, and there is good cause why it should not be part of the public

12  record of this case.

2.      **DEFINITIONS**

13

2.1    Action:  *IFD Films And Services Ltd. v, Severin Films, Inc., et al.*, Case

14, 15  No. 2:24-cv-10904-JLS-RAO.

16  2.2    Challenging Party:  A Party or Non-Party that challenges the designation

17  of information or items under this Order.

18  2.3    "CONFIDENTIAL" Information or Items:  Information (regardless of

19  how it is generated, stored or maintained) or tangible things that qualify for protection

20  under Federal Rule of Civil Procedure 26(c).

21  2.4    Counsel:  Outside Counsel and House Counsel (as well as their support

22  staff).

23  2.5    Designating Party:  A Party or Non-Party that designates information or

24  items that it produces in disclosures or in responses to discovery as

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

26  2.6    Disclosure or Discovery Material:  All items or information, regardless

27  of the medium or manner in which it is generated, stored, or maintained (including,

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1 among other things, testimony, transcripts, and tangible things), that are produced or

2 generated in disclosures or responses to discovery in this matter.

3      2.7   Expert:  A person with specialized knowledge or experience in a matter

4 pertinent to the litigation who has been retained by a Party or its counsel to serve as

5 an expert witness or as a consultant in this Action.

6      2.8   "HIGHLY CONFIDENTIAL" Information or Items:  Information

7 (regardless of how it is generated, stored or maintained) or tangible things that

8 qualify for protection under Federal Rule of Civil Procedure 26(c), and the

9 disclosure of which the Designating Party believes in good faith would create a

10 substantial risk of serious financial, competitive, or other injury that cannot be

11 avoided by less restrictive means.  To minimize the risk of an inadvertent disclosure

12 of such documents, the Parties agree that the ability to designate documents as

13 HIGHLY CONFIDENTIAL is appropriate in this case.

14      2.9   House Counsel:  Attorneys who are employees of a party to this Action.

15 House Counsel does not include Outside Counsel or any other outside counsel.

16      2.10   Non-Party:  Any natural person, partnership, corporation, association, or

17 other legal entity not named as a Party to this action.

18      2.11   Outside Counsel:  Attorneys who are not employees of a party to this

19 Action but are retained to represent or advise a Party to this Action or are affiliated

20 with a law firm that has appeared on behalf of that Party, including support staff.

21      2.12   Party:  Any party to this Action, including all of its officers, directors,

22 and employees (collectively referred to herein as the "Parties").

23      2.13   Producing Party:  A Party or Non-Party that produces Disclosure or

24 Discovery Material in this Action.

25      2.14   Professional Vendors:  Persons or entities that provide litigation support

26 services (e.g., photocopying, videotaping, translating, preparing exhibits or

27 demonstrations, and organizing, storing, or retrieving data in any form or medium)

28 and their employees and subcontractors.

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

2.15  Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  **SCOPE**

3.1  The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

3.2  However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.3  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1 or without prejudice; and (2) final judgment herein after the completion and

2 exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

3 including the time limits for filing any motions or applications for extension of time

4 pursuant to applicable law.

5 5.    **DESIGNATING PROTECTED MATERIAL**

6     5.1    Exercise of Restraint and Care in Designating Material for Protection.

7 Each Party or Non-Party that designates information or items for protection under this

8 Order must take care to limit any such designation to specific material that qualifies

9 under the appropriate standards.  The Designating Party must designate for protection

10 only those parts of material, documents, items, or oral or written communications that

11 qualify so that other portions of the material, documents, items, or communications

12 for which protection is not warranted are not swept unjustifiably within the ambit of

13 this Order.

14     Mass, indiscriminate, or routinized designations are prohibited.  Designations

15 that are shown to be clearly unjustified or that have been made for an improper

16 purpose (e.g., to unnecessarily encumber the case development process or to impose

17 unnecessary expenses and burdens on other Parties) may expose the Designating

18 Party to sanctions.

19     If it comes to a Designating Party's attention that information or items that it

20 designated for protection do not qualify for protection, that Designating Party must

21 promptly notify all other Parties that it is withdrawing the inapplicable designation.

22     5.2    Manner and Timing of Designations.  Except as otherwise provided in

23 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

24 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

25 under this Order must be clearly so designated before the material is disclosed or

26 produced.

27     Designation in conformity with this Order requires:

28

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1    (a)    for information in documentary form (e.g., paper or electronic

2    documents, but excluding transcripts of depositions or other pretrial or trial

3    proceedings), that the Producing Party affix, at a minimum, the legend

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter, the

5    "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend", respectively),

6    to each page that contains protected material. If only a portion or portions of the

7    material on a page qualifies for protection, the Producing Party also must clearly

8    identify the protected portion(s) (e.g., by making appropriate markings in the

9    margins).

10    A Party or Non-Party that makes original documents available for inspection

11    need not designate them for protection until after the inspecting Party has indicated

12    which documents it would like copied and produced.  During the inspection and

13    before the designation, all of the material made available for inspection shall be

14    deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the

15    documents it wants copied and produced, the Producing Party must determine which

16    documents, or portions thereof, qualify for protection under this Order.  Then,

17    before producing the specified documents, the Producing Party must affix the

18    CONFIDENTIAL legend to each page that contains Protected Material.  If only a

19    portion or portions of the material on a page qualifies for protection, the Producing

20    Party also must clearly identify the protected portion(s) (e.g., by making appropriate

21    markings in the margins).

22    (b)    for testimony given in deposition or in other pretrial or trial

23    proceedings, the Producing Party may identify on the record, before the close of the

24    deposition, hearing, or other proceeding, all protected testimony.  However, each

25    transcript of testimony shall be considered "HIGHLY CONFIDENTIAL"

26    Information or Items under this Order for thirty (30) days after receipt of the transcript

27    by the Producing Party to permit the Producing Party time to review the transcript and

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8703.3.4

7

designate any information disclosed therein as Protected Material.  Thereafter, the
transcript will no longer be deemed Protected Material for purposes of this Order,
except to the extent so designated when the testimony was given or in a written notice
transmitted to all Parties within such period of thirty (30) days.  Where any portion of
a transcript is designated as Protected Material, the Designating Party shall, where
practicable, inform the reporter precisely which portions of the transcript should be
marked accordingly.

(c)    for information produced in some form other than documentary
and for any other tangible items, that the Producing Party affix in a prominent place
on the exterior of the container or containers in which the information is stored the
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend. If only a portion or
portions of the information warrants protection, the Producing Party, to the extent
practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
failure to designate qualified information or items does not, standing alone, waive the
Designating Party's right to secure protection under this Order for such material.
Upon timely correction of a designation, the Receiving Party must make reasonable
efforts to assure that all inadvertently disclosed information is subsequently treated in
accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a
designation of confidentiality at any time that is consistent with the Court's
Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute
resolution process under Local Rule 37.1, <u>et seq</u>. The Challenging Party must provide
written notice of each designation it is challenging and describe the basis for each
challenge.  To avoid ambiguity as to whether a challenge has been made, the written
notice must recite that the challenge to confidentiality is being made in accordance

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel (310) 274-3803 • Fax (310) 860-2430

with this specific paragraph of this Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall follow the Local Rules.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g) the author or recipient of a document or a custodian or other person indicated on the face of the document as having previously received a copy;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided such persons first sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8703.3.4

10

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    (j)    any other persons who may be specifically designated by consent

2  of all Parties or pursuant to an order of the Court, provided that such persons have

3  first signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4    7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.

5  Unless otherwise ordered by the court or permitted in writing by the Designating

6  Party, a Receiving Party may disclose any information or item designated

7  "HIGHLY CONFIDENTIAL" only to:

8    (a)    The Receiving Party's Outside Counsel in this Action, as well as

9  employees of said Outside Counsel to whom it is reasonably necessary to disclose

10  the information for this litigation;

11    (b)    Experts (as defined in this Order) of the Receiving Party to

12  whom disclosure is reasonably necessary for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14    (c)    The Court and its personnel;

15    (d)    Court reporters and their staff, professional jury or trial

16  consultants, mock jurors, and Professional Vendors to whom disclosure is

17  reasonably necessary for this litigation;

18    (e)    The author or recipient of a document or a custodian or other

19  person indicated on the face of the document as having previously received a copy;

20    (f)    Any mediator or settlement officer, and their supporting

21  personnel, mutually agreed upon by any of the Parties engaged in settlement

22  discussions; and

23    (g)    any other persons who may be specifically designated by consent

24  of all Parties or pursuant to an order of the Court, provided that such persons have

25  first signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

26  8.    **PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED**

27  **PRODUCED IN OTHER LITIGATION**

28    If a Party is served with a subpoena or a court order issued in other litigation

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1 that compels disclosure of any information or items designated in this Action as

2 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

3   (a)   promptly notify in writing the Designating Party.   Such

4 notification shall include a copy of the subpoena or court order;

5   (b)   promptly notify in writing the party who caused the subpoena or

6 order to issue in the other litigation that some or all of the material covered by the

7 subpoena or order is subject to this Protective Order.  Such notification shall include

8 a copy of this Order; and

9   (c)   cooperate with respect to all reasonable procedures sought to be

10 pursued by the Designating Party whose Protected Material may be affected.

11   If the Designating Party timely seeks a protective order, the Party served with

12 the subpoena or court order shall not produce any information designated in this

13 action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a

14 determination by the court from which the subpoena or order issued, unless the

15 Party has obtained the Designating Party's permission.  The Designating Party shall

16 bear the burden and expense of seeking protection in that court of its confidential

17 material and nothing in these provisions should be construed as authorizing or

18 encouraging a Receiving Party in this Action to disobey a lawful directive from

19 another court.

20 9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

21 **PRODUCED IN THIS LITIGATION**

22   (a)   The terms of this Order are applicable to information produced by

23 a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

24 CONFIDENTIAL."  Such information produced by Non-Parties in connection with

25 this litigation is protected by the remedies and relief provided by this Order.  Nothing

26 in these provisions should be construed as prohibiting a Non-Party from seeking

27 additional protections.

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1  (b)    In the event that a Party is required, by a valid discovery request,

2  to produce a Non-Party's confidential information in its possession, and the Party is

3  subject to an agreement with the Non-Party not to produce the Non-Party's

4  confidential information, then the Party shall:

5  (1)    promptly notify in writing the Requesting Party and the

6  Non-Party that some or all of the information requested is subject to a confidentiality

7  agreement with a Non-Party;

8  (2)    promptly provide the Non-Party with a copy of this Order,

9  the relevant discovery request(s), and a reasonably specific description of the

10  information requested; and

11  (3)    make the information requested available for inspection by

12  the Non-Party, if requested.

13  (c)    If the Non-Party fails to seek a protective order from this Court

14  within 14 days of receiving the notice and accompanying information, the Receiving

15  Party may produce the Non-Party's confidential information responsive to the

16  discovery request.  If the Non-Party timely seeks a protective order, the Receiving

17  Party shall not produce any information in its possession or control that is subject to

18  the confidentiality agreement with the Non-Party before a determination by the Court.

19  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

20  of seeking protection in this Court of its Protected Material.

21  10.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23  Protected Material to any person or in any circumstance not authorized under this

24  Order, the Receiving Party must immediately (a) notify in writing the Designating

25  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

26  unauthorized copies of the Protected Material, (c) inform the person or persons to

27  whom unauthorized disclosures were made of all the terms of this Order, and (d)

28  request such person or persons to execute the "Acknowledgment and Agreement to

1    Be Bound" that is attached hereto as Exhibit A.

2    11.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

3    **PROTECTED MATERIAL**

4    When a Producing Party gives notice to Receiving Parties that certain

5    inadvertently produced material is subject to a claim of privilege or other protection,

6    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

7    Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

8    procedure may be established in an e-discovery order that provides for production

9    without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

10    (e), the production of a privileged or work-product-protected document, whether

11    inadvertent or otherwise, is not a waiver of privilege or protection from discovery in

12    this case or in any other federal or state proceeding.

13    12.    **MISCELLANEOUS**

14    12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

15    person to seek its modification by the Court in the future.

16    12.2    Right to Assert Other Objections.  By stipulating to the entry of this

17    Protective Order, no Party waives any right it otherwise would have to object to

18    disclosing or producing any information or item on any ground not addressed in this

19    Order.  Similarly, no Party waives any right to object on any ground to use in evidence

20    of any of the material covered by this Order.

21    12.3    Filing Protected Material.  A Party that seeks to file under seal any

22    Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

23    only be filed under seal pursuant to a court order authorizing the sealing of the specific

24    Protected Material at issue; good cause must be shown in the request to file under

25    seal.  If a Party's request to file Protected Material under seal is denied by the Court,

26    then the Receiving Party may file the information in the public record unless

27    otherwise instructed by the Court.

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8703.3.4

14

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    **VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: December 16, 2025          **RUFUS-ISAACS ACLAND & GRANTHAM LLP**

BY: *s/Alexander Rufus-Isaacs/*

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1    Alexander Rufus-Isaacs (SBN 135747)
     aisaacs@rufuslaw.com
2    Paul D. Supnik (SBN 52842)
3    psupnik@rufuslaw.com
     9440 Santa Monica Blvd., Suite 301
4    Beverly Hills, California 90210
5    Telephone: (310) 274-3803
     Facsimile: (310) 860-2430
6

7    **LAW OFFICE OF PAUL S. LEVINE**

8    Paul S.  Levine (SBN 102787)
9    paul@paulslevine.com
     1054 Superba Avenue
10   Venice, CA 90291-3940
11   Telephone (310) 450-6711
     Facsimile (310) 450-0181
12   *Attorneys for Plaintiff IFD Films and Services*
13   *Ltd.*

14   December: December16, 2025          **EPSTEIN DRANGEL LLP**

15

16   BY: *s/Peter J. Farnese/*
     Peter J. Farnese (SBN  251204)
17   pfarnese@ipcounselors.com
     700 South Flower Street, Suite 1000
18   Los Angeles, California 90017
19   Telephone: 310-356-4668
     Facsimile: 310-388-1232
20

21   Kerry B. Brownlee (*pro hac vice*)
     kbrownlee@ipcounselors.com
22   60 East 42nd Street, Suite 1250
23   New York, NY 10165
     Telephone: 212-292-5390
24   Facsimile: 212-292-5391
25   *Attorneys for Defendants Severin Films, Inc.,*
     *David Gregory, John Cregan, Carl Daft,*
26   *Michael Worth, Televentures Corporation,*
     *and Marco Joachim a/k/a Jon Marco*
27   *Joachim*
28

8703.3.4

16

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1

2

3

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

4

5

6
DATED: _____12/16/2025_____     _____

7
Honorable Rozella A. Oliver
United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *IFD Films And Services Ltd. v, Severin Films, Inc., et al.,* Case No. 2:24-cv-10904-JLS-RAO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

8703.3.4

18

[PROPOSED] STIPULATED PROTECTIVE ORDER

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

## LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8703.3.4

19

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER